# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

STELLA TATE                                                                                    PLAINTIFF

V.                                                        CIVIL ACTION NO. 3:08cv182 DPJ-JCS

COUNTRYWIDE HOME LOANS, INC., ET AL.                              DEFENDANTS

## ORDER

This negligence action is before the Court on Defendant Countrywide Home Loans, Inc.'s motion for summary judgment. The Court, having considered the parties' submissions and applicable authority, finds that Defendant's motion should be denied in part and granted in part.

## I.     Facts and Procedural History

In November 2001, Ardraine McDonald, Plaintiff Stella Tate's brother, purchased the house at 3511 Meadow Lane in Jackson, Mississippi, financing the purchase through an adjustable rate mortgage with General Motors Acceptance Corporation (GMAC) in the amount of $64,980.00. Plaintiff began making payments to GMAC shortly after her brother purchased the house. In September 2004, McDonald transferred title of the residence to Plaintiff by way of a quitclaim deed, although the mortgage remained in McDonald's name.

Plaintiff called Defendant Countrywide Home Loans, Inc. ("CHL") about refinancing her home in 2005. Titus Thomas, a CHL employee, asked for certain personal information and informed her that she would receive an application in the mail. According to Plaintiff, Thomas never asked for the amount outstanding on the existing loan of for the name of the lender, but the two discussed "the loan on the house." Plaintiff's Depo. at 30. She claims that it was her understanding that the loan on her residence would be paid off. *Id*. at 32.

Following her conversations with Thomas, Plaintiff received a loan application packet, which included a "Countrywide Loan Application Disclosure Acknowledgements" form signed by Dana Johnson as the "Lender Representative." The form listed the Meadow Lane residence as the subject property as did the Loan Application which was prepared for Plaintiff's signature. The application stated the purpose of the refinance as "PAYOFF OF MORTGAGE." The problem, however, is that the Loan Application and the Schedule of Real Estate Owned identified the wrong loan and outstanding balance. Plaintiff was listed as a co-debtor on a mortgage loan held by Midland Mortgage Company on her ex-husband's residence located on Abraham Lincoln Drive in Jackson, Mississippi. While the CHL loan documents identify the Meadow Lane residence as the subject property, they list the Midland Mortgage loan as the "1st Mortgage" and reflect the outstanding balance for that loan. CHL acknowledges that this was an "apparent error." Defendant's Memo. at 3.

Ultimately, Plaintiff was approved for a $47,000.00 loan which closed on August 26, 2005. CHL hired Nations Title Company ("Nations") to serve as closing agent. Nations thereafter paid off the Midland Mortgage loan, several of Plaintiff's bills, and issued Plaintiff a check in the amount of $26,336.80. Believing that the GMAC mortgage had been satisfied, Plaintiff immediately ceased making payments, but she soon learned from her ex-husband that the Midland Mortgage loan had been paid off. After unsuccessfully attempting to resolve the issue with Nations, Plaintiff stopped paying the CHL loan after only a few payments and resumed paying the GMAC loan. As a result of Plaintiff's repeated failure to make payments, CHL conducted a foreclosure sale of the residence on October 18, 2007. Federal National Mortgage Association ("Fannie Mae") purchased the residence at the foreclosure sale and initiated eviction

proceedings in Hinds County Justice Court in November 2007. At the time of filing, Plaintiff continued to reside at the Meadow Lane residence.

The current action was filed in Hinds County Circuit Court in February 2008. Plaintiff alleges that both CHL and Nations "negligently failed to inspect title to the Plaintiff's property, improperly prepared the closing documents, negligently failed to pay off the first mortgage on the property which was held by GMAC Mortgage . . . and negligently paid off a first mortgage on another piece of property." Amended Complaint ¶ VI. Defendant CHL filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## II. Analysis

### A. Summary Judgment Standard

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant must inform the court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The non-moving party must then go beyond the pleadings and "identify specific evidence in the record and . . . articulate the precise manner in which that evidence supports his or her claim." *Fuentes v. Postmaster Gen. of U.S. Postal Serv.*, 282 F. App'x 296, 300 (5th Cir. 2008) (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)). Conclusory allegations,

speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

  B. <u>CHL's Summary Judgment Motion</u>

    1. *Negligence Claim*

Plaintiff maintains that CHL was negligent in performing its responsibilities inspecting the title to Plaintiff's residence, preparing the loan documents, failing to pay off the GMAC mortgage, and erroneously paying the Midland mortgage. CHL's submissions focus primarily on the payment of the GMAC and Midland mortgages and do not squarely address each theory of liability. As previously stated, the moving party must identify the basis for its motion and those portions of the record demonstrating the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. CHL has failed to meet its burden, the negligence claims survive summary judgment.

To prevail on a claim for negligence, the plaintiff must establish by a preponderance of the evidence (1) duty; (2) breach; (3) causation; and (4) damages. *Gulledge v. Shaw*, 880 So. 2d 288, 292-93 (Miss. 2004). Starting with the existence of a duty, the general duty is to act as a reasonable prudent person would under the circumstances. *Donald v. Amoco Prod. Co.*, 735 So. 2d 161, 175 (Miss. 1999). Whether such a duty exists is a question of law. *Enter. Leasing Co. S. Centr., Inc. v. Bardin*, 8 So. 3d 866, 868 (Miss. 2009). In this case, the Court finds that CHL at least owed Plaintiff a duty to act reasonably to the extent of its participation in the accurate preparation of loan documents.

4

As for breach, Plaintiff stated that CHL never asked her about the amount owed on the GMAC mortgage or whether she was named on any other mortgages. *See* Plaintiff's Depo. at 30-31. When Plaintiff received the application, it mistakenly identified the Midland Mortgage loan as the prior lien on the Meadow Drive residence. CHL acknowledges that an "apparent error [occurred when] the Midland loan with a balance of $11,567, was reflected on Tate's loan application." Defendant's Memo. at 3. Considering the circumstances surrounding the preparation and execution of the application, the Court finds that Plaintiff has submitted sufficient record evidence to create a question of fact as to whether CHL breached its duty.

Similarly, as to causation, there is sufficient evidence to create a jury question as to whether CHL's acts or omissions caused Nations to pay off the loan on Plaintiff's ex-husband's house.[1] Finally, the Court must also reject Defendant's suggestion that Plaintiff has suffered no damages. For example, there is at least a question of fact whether the error caused Plaintiff to pay two separate loans for the same residence, lose the title to her home, and suffer the other injuries she has described.[2]

2. *Eviction Claim*

To the extent that Plaintiff raises a claim for wrongful eviction, that claim is dismissed. It is undisputed that CHL did not evict Plaintiff from her home. While the issue of eviction could

---

[1]Again, CHL focuses on the allegation that it failed to pay off the mortgage when no such duty existed. CHL does, however, state that "[b]ut for the error, [Plaintiff] could not have qualified for a loan" to refinance the residence. Defendant's Rebuttal Memo. [30] at 1. Assuming CHL's assertion is correct, a jury could find that this fact supports Plaintiff's claim that CHL's conduct proximately caused her injury.

[2]CHL contends that Plaintiff "herself was contributorily negligent in the loan transaction." Defendant's Summary Judgment Memorandum at 9. That assertion may well be true, but it is not a bar to Plaintiff's claim.

5

potentially be relevant to Plaintiff's damages, she cannot maintain a cause of action against CHL for Fannie Mae's actions.[3]

**III.    Conclusion**

For the reasons stated above, the Court denies Defendant's motion for summary judgment except as to the wrongful eviction on the part of Defendant.

**SO ORDERED AND ADJUDGED** this the 9th day of July, 2009.

> s/ *Daniel P. Jordan III*
> UNITED STATES DISTRICT JUDGE

---

[3]It appears from the record that Plaintiff has not been evicted from the residence. If so, her cause of action for the eviction is not yet ripe.